**SEIBELS, BRUCE & COMPANY, as Managing General Agent of Generali U.S. Branch, Plaintiff,**

**v.**

**Joseph J. NICKE, Barbara M. Nicke, Joseph G. Nicke, Thomas Jaskolski, Sheila Jaskolski, Emily A. Jaskolski, Amy Jaskolski, Allison Jaskolski, Thomas J. McCrystle, Sandra McCrystle, Megan McCrystle, Kevin McCrystle, Elinor S. Wiley, Dianna W. Hubbard, Lauren F. Hubbard, Ashley A. Hubbard, Byron Winters, David Libow, Angela M. Libow, Jennifer M. Libow and Gregory S. Libow, Defendants.**

No. 2:95CV00723.

United States District Court, M.D. North Carolina, Greensboro Division.

Sept. 12, 1996.

James Donald Cowan, Jr., Smith Helms Mulliss & Moore, Greensboro, NC, Richard A. Coughlin, Smith Helms Mulliss & Moore, Greensboro, NC, for Seibels, Bruce & Company.

Kenneth L. Jones, Carruthers & Roth, P.A., Greensboro, NC, for Joseph J. Nicke, Barbara M. Nicke, Joseph G. Nicke, Thomas Jaskolski.

George W. (Trey) Aycock, III, Floyd, Allen and Jacobs, Greensboro, NC, Gary M. Lang, Feldstein Grinberg Stein & McKee, Pittsburgh, PA, for Sheila Jaskolski, Emily A. Jaskolski, Amy Jaskolski, Allison Jaskolski.

Thomas J. McCrystle, Charlotte, NC, pro se.

Sandra McCrystle, Charlotte, NC, pro se.

Megan McCrystle, Charlotte, NC, pro se.

Kevin McCrystle, Charlotte, NC, pro se.

Elinor S. Wiley, Charlotte, NC, pro se.

Leah M. Broker, Law Offices of David Gantt, Asheville, NC, for David Libow, Angela M. Libow, Jennifer M. Libow, Gregory S. Libow.

## *ORDER*

ELIASON, United States Magistrate Judge.

In an Order filed May 13, 1996, the Court reserved ruling on plaintiff's suggestion that the Court appoint guardians ad litem for several minor defendants until certain matters had been accomplished. The Court required that defendant-claimant and mother Sheila Jaskolski show cause why she should not represent the interests of her other two children, Amy and Allison, or else procure someone else to represent those interests. It also required new service of process on the minor defendant Byron Winters. Left unresolved was whether the Court should appoint a guardian ad litem for the minor defendants Ashley and Lauren Hubbard. Their mother, Diane Hubbard, was served in her own right and also on their behalf.

The minor defendants Amy and Allison Jaskolski timely responded through their attorney. They indicated that they were passengers in the vehicle with the other parties when it overturned, but that neither of them sustained any injury. Consequently, their mother Sheila Jaskolski did not file an answer on their behalf. Amy and Allison have now filed an answer, but request the matter be dismissed as to them inasmuch as they have no claim.

Plaintiff's attorney responded to the May 13th Order with respect to the minor defendant Byron Winters. He showed that Byron Winters was served with process by and through his father, Frank Winters, on February 13, 1996 and filed proof of such service. Therefore, the Court finds plaintiff has complied with that portion of the May 13, 1996 Order.

■ The Court will now address the issue reserved in the May 13th Order, which is whether it should appoint guardians ad litem for the minors who have failed to enter an appearance or file an answer. For the following reasons, the Court declines the suggestion. The Court did receive a response from the representative of Amy and Allison Jaskolski. There, as the Court surmised in the May 13, 1996 Order, the reason for the parents' failure to respond was that the minors did not suffer any injury and, therefore, the family was not anxious to participate in a potentially time consuming and costly exercise for no gain. Indeed, it is requested that Amy and Allison be dismissed as defendants. No one has filed any objection or response to the dismissal request. Therefore, pursuant to the provisions of Fed.R.Civ.P. 41(a), the Court will grant the motion of Amy and Allison Jaskolski to dismiss them from this action with prejudice.

■ The minor defendants Lauren and Ashley Hubbard and Byron Winters stand in a different posture because no one has ever made a response on their behalf. Therefore, a different approach is necessary. As stated in the May 13, 1996 Order, nothing else appearing, it can be presumed that parents look after the best interests of their children. Thus, the fact that the parents did not file a response likely may be because the children do not have a credible claim and that to participate in this action would be burdensome. Those are the facts in the record with respect to Amy and Allison Jaskolski, which suggests this likely is the situation with respect to the other minors. There are no other facts appearing which suggest that the Court should conduct a further investigation. Therefore, the Court will deny plaintiff's motion for the appointment of guardians ad litem for the non-appearing and unrepresented minors.

■ The Court is still left with the question of what, if anything, it should do with respect to the non-appearing Hubbard and Winters minor defendants. The present circumstances do not provide justification for

the Court to *sua sponte* order their dismissal pursuant to Fed.R.Civ.P. 41(b). Yet, for the Court to leave this matter unresolved will burden the other parties and tend to waste the interpleader fund. Fortunately, the Court sees a way to deal with the matter through utilization of Fed.R.Civ.P. 55, which permits entry of default and judgment by default as to parties who fail to plead or otherwise defend.

Rule 55(d) expressly states that the provisions of that rule may be used by plaintiffs, third-party plaintiffs, cross-claimants or counterclaimants. While interpleading stakeholders under Fed.R.Civ.P. 22 are denominated as plaintiffs, they do not seem to fit under the provisions of Rule 55(a), which envisions a party which seeks "a judgment for affirmative relief." Notwithstanding, the treatise authors, Charles A. Wright, Arthur R. Miller & Mary Kay Kane, in 10 *Federal Practice and Procedure* § 2701, at 541–42 (1983), indicate that in their opinion interpleading stakeholders under Rule 22 should be allowed to utilize Rule 55. The Court agrees and finds that the facts of the instant case support and provide reasons for that construction of Rule 55.

Such an interpretation serves both to protect the stakeholder and the claimants who have appeared in the interpleader action. It helps to remove parties who have no interest in the litigation, thereby reducing expenses and helping to preserve the interpleader fund. Of course, as the treatise indicates, the Court could always enter a default judgment against a non-appearing claimant who failed to comply with discovery or other pretrial orders. *Id.* at 542. However, that would require the plaintiff or the other claimants to expend non-productive energy and costs in sending discovery and filing motions. Matters of non-appearance are more preferably resolved at the beginning of the litigation in order to reduce burdens on the parties, to simplify the action at its beginning to make settlement easier to achieve, and to preserve the interpleader fund.

The involvement of non-appearing minors does not change this basic principle. The Court has already factored in the special treatment due minors in its May 13, 1996

Order. Moreover, by permitting or directing the stakeholder plaintiff to file a Rule 55 motion for default and then a motion for judgment by default at a later time, the Court can better assure that the minors have additional, ample and timely notice, if needed. The Court can monitor the situation and tailor the service requirement of said motions to fit the circumstances of each case, requiring additional personal service if necessary. Nothing in this case suggests that such service is necessary, but the Court will require that the plaintiff's motions for entry of default and default judgment be sent by regular and certified mail at the minors' parents' last place of address and that plaintiff's counsel file the result of such service.

**IT IS THEREFORE ORDERED** that the Fed.R.Civ.P. 41(a) motion of Amy and Allison Jaskolski to be dismissed as claimants in this action (pleading no. 43) is granted and said defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion and suggestion that the Court appoint one or more guardians ad litem for the non-appearing, unrepresented minor defendants-claimants (pleading no. 38) is denied, and plaintiff is directed to instead file a motion pursuant to Fed.R.Civ.P. 55(a) for an entry of default against the remaining minor defendants-claimants Lauren and Ashley Hubbard and Byron Winters pursuant to Fed.R.Civ.P. 55(a), accompanied with a copy of this Order, and served on the parents by regular and certified mail at the minor defendants-claimants' parents' last known address. After thirty days, if no contrary response has been received, plaintiff may move for a judgment by default dismissing the claims of said minor defendants-claimants to the interpleader fund with prejudice, attach proof of service of the motion for entry of default, and serve the motion for default judgment on the parents by regular and certified mail.